UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:19-cr-0121-JMS-DML |
| JASON HOWARD          , | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and, Lawrence D. Hilton, Assistant United States Attorney ("the

Government"), and the defendant, Jason Howard ("the defendant"), in person and by counsel, H.

Samuel Ansell, hereby inform the Court that a Plea Agreement has been reached in this case

pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The following are its terms and

conditions:

### Part 1:  Guilty Plea and Charge(s)

1.      **Plea of Guilty:** The defendant  petitions the Court for leave to enter and agrees to

enter a plea of guilty to the following offense(s) charged in the Indictment:

a.      Count One  which charges that the defendant committed the

offense of Escape, in violation of Title 18, United States Code, Sections 751(a), 4082(a).

2.      **Potential Maximum Penalties**: The offense is punishable by a maximum

sentence of 5 years' imprisonment, a $250,000 fine, and 3 years' supervised release following

any term of imprisonment.

3.      **Elements of the Offense:**  To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

(1) The Defendant was in custody of the Attorney General of the United States pursuant to a conviction in United States District Court for the Southern District of Indiana for Distribution of Methamphetamine under cause number 1:14-CR-00096; and

(2) The Defendant knowingly left and/or intentionally failed to return to that custody without authorization to do so.

## Part 2:  General Provisions

4.      **Sentencing Court's Discretion Within Statutory Range:**  The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by  pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

5.      **Sentencing Court Not Bound by Guidelines or Recommendations:**  The

defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant  bringing other federal charges against the defendant.

7. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the

Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Part 3:  Sentence of Imprisonment

9.     **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

  a.     **Government's Recommendation:**   The Government has agreed to recommend a sentence within the advisory sentencing guidelines range determined to be applicable by the United States Probation in the Pre-Sentence Report in this case.

  b.     **Defendant's Recommendation:  :** The defendant, by counsel, may argue for any sentence, including a sentence below the advisory sentencing guidelines range

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

guidelines range determined to be applicable by the United States Probation in the Pre-Sentence Report in this case

10.     **Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

11.     **Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

### Part 4:  Monetary Provisions and Forfeiture

12.     **Mandatory Special Assessment:**  The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

13.     **Fine:**   The Court will determine any fine within its discretion after receiving evidence from and hearing the arguments of the parties

14.     **Restitution:**   The Government will not seek restitution from the defendant based on this offense.

15.     **Obligation to Pay Financial Component of Sentence**:  If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release.  The defendant has a continuing obligation to pay the financial component of

the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Part 5: Factual Basis for Guilty Plea

16.     The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea) of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

On January 13, 2016, Jason Howard was convicted in the Southern District of Indiana, Indianapolis Division, of Conspiracy to Distribute Methamphetamine in cause number 1:14-CR-96. A judgment was entered against Howard sentencing him to a period of 82 months in the custody of the United States Federal Bureau of Prisons (BOP) to be followed by 4 years of supervised release. Howard was assigned by the BOP to serve his sentence at a United States Federal Penitentiary.

On December 27, 2018 Howard was furloughed to the Volunteers of America (VOA), a

Residential Reentry Center (RRC) located in Indianapolis, Indiana per a Federal BOP transfer

order to serve the remainder of his sentence.  Howard's earliest projected release date from

custody of the BOP was April 29, 2019.  The VOA contracted with the BOP to serve as a

community, correctional center designed to assist inmates near the end of their sentence of

confinement in the transition from confinement to the community.

On December 27, 2018, Howard executed a Conditions of Residential Community

Corrections form in which he indicated that he understood that he was required to abide by the

rules and regulations of the VOA.  Howard was also apprised that he was required to return to

the VOA at the time stated on his pass, and that escape from an unescorted community program

was a prohibited act.  Additionally, on December 27, 2018 Howard executed a Contractual

Agreement indicating that he knew and understood these rules and regulations.

On March 1, 2019, Howard reported to the Methodist Hospital for treatment. VOA RRC

personnel were later notified that Howard stepped out to smoke and left the property.  Howard,

who was still serving his sentence, never returned to the VOA on March 1, 2019.  Howard was

arrested at his girlfriend's home on May 30, 2019.

The parties acknowledge that such facts are only a summary of the Government's

evidence.  The parties reserve the right to present additional evidence at the time of sentencing, if

they so choose, and this paragraph is not intended to foreclose the presentation of such additional

evidence.

## Part 6:  Other Conditions

17.    **Background Information:** The defendant acknowledges and understands that no

limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

18. **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

19. **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Part 7: Sentencing Guideline Stipulations

20. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.

a. **Applicable Sentencing Guideline:** The parties agree that the applicable Sentencing Guideline for Count I, Escape, is U.S.S.G. §2P1.1, which covers violations involving prisons and correctional facilities.

b. **Base Offense Level:** The parties agree that the base offense level is 13 pursuant to U.S.S.G §2P1.1(a)(1), because the defendant was in custody or confinement by virtue of a felony conviction.

c.      **Acceptance of Responsibility:**  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the defendant's agreement to cooperate in and not to contest the forfeiture of the property described above], the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.

**Final Offense Level:  11**

**Part 8:  Waiver of Right to Appeal**

**21.**      **Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The defendant further expressly waives any and all challenges to the statute(s) to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute(s). The defendant further agrees that in the event the Court sentences the defendant to a term of imprisonment within or below the applicable guidelines range as determined by the United States Department of Probation and Parole in the Pre-sentence Investigation Report, regardless of the defendant's criminal history category or how the sentence is calculated by the Court, then the defendant expressly waives the defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This

waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

22.   **Later Legal Challenges:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, the Government may claim that this waiver bars such an appeal.  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

23.   **No Appeal of Supervised Release Term and Conditions:**  The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 9:  Presentence Investigation Report

24.   The defendant requests and consents to the commencement of a presentence

investigation by probation officers of the United States District Court for purposes of preparing a

Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

25.     The defendant further requests and consents to the review of the defendant's

Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the

Government at any time, including prior to entry of a formal plea of guilty.

### Part 10:  Statement of the Defendant

26.     By signing this document, the defendant acknowledges the following:

a.     I have received a copy of the Indictment and have

read and discussed it with my attorney.  I believe and feel that I understand every accusation

made against me in this case. I wish the Court to omit and consider as waived by me all readings

of the Indictment/Information in open Court, and all further proceedings including my

arraignment.

b.     I have told my attorney the facts and surrounding circumstances as known

to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney

is fully informed as to all such matters.  My attorney has since informed, counseled and advised

me as to the nature and cause of every accusation against me and as to any possible defenses I

might have in this case.

c.     I have read the entire Plea Agreement and discussed it with my attorney.

d.     I understand all the terms of the Plea Agreement and those terms correctly

reflect the results of plea negotiations.

e.     Except for the provisions of the Plea Agreement, no officer or agent of any

branch of Government (federal, state or local), nor any other person, has made any promise or

suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a

lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I

respectfully request that the Court consider in mitigation of punishment at the time of sentencing

the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the

expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will

address me personally and ask me if I wish to make a statement on my behalf and to present any

information in mitigation of punishment.

> **f.**     I am fully satisfied with my attorney's representation during all phases of
>
> this case. My attorney has done all that anyone could do to counsel and assist me and that I fully
>
> understand the proceedings in this case against me.

> **g.**     I make no claim of innocence, and I am freely and voluntarily pleading
>
> guilty in this case.

> **h.**     I am pleading guilty as set forth in this Plea Agreement because I am
>
> guilty of the crime(s) to which I am entering my plea.

> **i.**     I understand that if convicted, a defendant who is not a United States
>
> Citizen may be removed from the United States, denied citizenship, and denied admission to the
>
> United States in the future.

> **j.**     My attorney has informed me, and I understand, that I have the right to
>
> appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part
>
> of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a
>
> Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further
>
> understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I
>
> ask that to be done. I also understand that the United States has the right to appeal any sentence
>
> that I receive under this Plea Agreement.

**k.**      My attorney has informed me, and I understand, that if I provide or cause

to be provided materially false information to a judge, magistrate-judge, or probation office, then

Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in

the offense level.

**l.**      If this cause is currently set for trial on the Court's calendar, I request that

this date be continued to permit the Court to consider this proposed guilty Plea Agreement.  I

further understand that any delay resulting from the Court's consideration of this proposed guilty

Plea Agreement, up to and including the date on which the Court either accepts or rejects my

guilty plea, will be excluded in computing the time within which trial of this cause must

commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 11:  Certificate of Counsel

27.      By signing this document, the defendant's attorney and counselor certifies as

follows:

**a.**      I have read and fully explained to the defendant all the accusations against

the Defendant which are set forth in the Indictment in this case;

**b.**      To the best of my knowledge and belief each statement set forth in the

foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

**c.**      The plea of "Guilty" as offered by the defendant in the foregoing petition

to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related

to me by the defendant and is consistent with my advice to the defendant;

**d.**      In my opinion, the defendant's waiver of all reading of the Indictment

in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

> e.     In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 13:  Final Provision

28.     **Complete Agreement:**  The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty.  This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

10/28/19
DATE

Lawrence D. Hilton
Assistant United States Attorney

10/30/19
DATE

Barry D. Glickman
Deputy Chief, Drug and Violent Crime Unit

10/25/19
DATE

Jason Howard
Defendant

10/25/19
DATE

H. Samuel Ansell
Counsel for Defendant

15